## Armor, Executrix *v.* Amis.

Plaintiff obtained a judgment on one of a series of notes, given to his testator for the price
of land and secured by mortgage thereon, and defendant became the surety of the debtor
in an appeal bond. The judgment was affirmed on the appeal. Pending this appeal
proceedings were had by the holder of another of the series of notes, which had been ne-
gotiated by the executor, with his endorsmeont, and judgment was rendered therein, on
his consent, under which the land was adjudicated to the holder of the second note. Plain-
tiff having subsequently attempted to execute his order of seizure and sale it was enjoined
by the purchaser, and the injunction perpetuated. In an action by plaintiff against the
surety on the appeal bond: *Held*, that defendant, if bound on his appeal bond, would be
entitled on paying it to a subrogation to the rights of the creditor; and that the judgment
by which the mortgage rights of the plaintiff were extinguished, which rights she con-
tends that the appeal bond was given to secure, having been rendered by her consent,
the surety is released.

APPEAL from the District Court of Madison, *Selby,* J.   *Thomas* and *Sny-
der,* for the plaintiff.   *Amonett, Stockton* and *Steel,* for the defendant. The
judgment of the court *(Rost,* J. absent,) was pronounced by

Eustis, C. J.   The plaintiff recovered a judgment against *Amis,* as surety on
an appeal bond in which *Downes* was principal.   From this judgment *Amis* has
appealed.

The plaintiff had obtained an order of seizure and sale upon one of several
notes given by *Downes* to the plaintiff's testator, which were secured by mortgage
on a plantation and slaves.   From the decree ordering the seizure and sale
*Downes* took an appeal, and gave *Amis* as surety on the appeal bond.   The con-
dition of the bond was that the appellant should prosecute his appeal and satisfy
whatever judgment might be rendered against him, or that the same should be
satisfied by the proceeds of the sale of his estate, real or personal, if he be cast
on his appeal; otherwise that the surety shall be liable in his place.   On the ap-
peal the decree of the district judge was affirmed.   2 An. 243.   Pending the
appeal, certain proceedings were had on another of the mortgage notes given by
*Downes* to the testator *Armor,* and which he had negotiated with his endorse-
ment, by which the property subject to the order of seizure was adjudicated to a
third person.   When the order of seizure and sale in favor of the plaintiff was
attempted to be executed, this party enjoined proceedings under it, setting up
title in the property free from all mortgage.   This cause was also before this
court, in February, 1848 (3 An. 247), and on being remanded the injunction was
made perpetual.

The purchaser of the property, who had thus cut out the plaintiff's mortgage,
was also the holder of the note under which the sale was made, on which note
*Armor,* the testator, was the endorser, and hence the plaintiff had a direct interest
in having the note paid.   Had the sale been set aside, the note must be paid from
some other source than from the property which it was mortgaged to secure.
We find accordingly that the judgment by which the mortgage rights of the
plaintiff, which she contends the appeal bond was given by the defendant to se-
cure, have been extinguished, was rendered on her consent.   This judgment can
give her no rights against the defendant, as the case is presented to us.   The
defendant, if bound on his appeal bond, on paying the debt, had a right to the

subrogation to the rights of the creditor. If it was the plaintiff's interest to impair those rights, and she has had the benefit of them in saving the succession of her husband from the responsibility of his endorsement, there is no foundation whatever for any demand against the surety; to whom they would belong in the event of recovery against him.

The judgment of the District Court is, therefore, reversed, and judgment rendered for the defendant, with costs in both courts.